UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-25946-CV-DIMITROULEAS**

LEANDRO MOMPIE DEL MONTE,

Petitioner,

v.

WARDEN, KROME SERVICE
PROCESSING CENTER,

Respondent.
_______________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Leandro Mompie del Monte ("Petitioner")'s *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") [DE 1], filed August 28, 2026. The Government has argued that the Petition must be denied because Petitioner is lawfully detained under 8 U.S.C. § 1231 and that Petitioner is not entitled to relief under *Zadvydas* because his failure to cooperate with removal efforts is the cause of his continued detention. [DE 7 at 5–8]. The Court has considered the Petition [DE 1], Respondent's Response [DE 7], Petitioner's Reply [DE 8], and is otherwise fully advised in the premises. Upon close consideration, the Petition [DE 1] is **DENIED**.

Section 1231(a) of the INA applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id*. Once the order of removal is finalized, the Government should do its best to execute removal during the ninety-day period. *See Zadvydas v. Davis,* 533 U.S. 678, 699–701 (2001). But sometimes the Government does not timely remove the petitioner, so the indefinite detention of an

alien "raises serious constitutional concerns." *Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3 2026). "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.*

Petitioner moves for habeas relief and argues that his post-removal-order detention is unlawful because his detention has become prolonged and his removal is not reasonably foreseeable. [DE 1 at 9–10]. To obtain relief from post-removal-order detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."))

Here, Petitioner has not provided evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas,* 533 U.S. at 701. Petitioner's non-cooperation with Respondent's removal efforts is the only barrier to his removal. *See Oladokun v. U.S. Atty. Gen.*, 479 F. App'x 895, 897 (11th Cir. 2012) ("In contrast to the petitioner in *Zadvydas*, who could not be removed because the receiving countries refused to accept him, [Petitioner's] non-cooperation is the only barrier to his removal."). On March 13, 2026, Petitioner was transferred to the Port Isabel Service Processing Center to effectuate his removal to Mexico. [DE 7-4 ¶ 27]. He was subsequently returned to Florida after he failed to comply with the Government's removal efforts. [*Id.* ¶ 28]. On April 23, 2026, the Government issued Petitioner a Notice of Removal, informing Petitioner that ICE intends to remove him to

Mexico. [DE 7-10]. Petitioner refused to sign the Notice of Removal. [*Id*.]. On that day, he was served with a Warning for Failure to Depart, which he again refused to sign. [DE 7-11]. On June 3, 2026, the Government issued Petitioner a Notice of Failure to Comply. [DE 7-12]. On June 30, 2026, the Government issued Petitioner an additional Notice of Failure to Comply. [DE 7-13]. Petitioner does not provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future when he is responsible for thwarting his removal. *Lezama Garcia v. Miami Field Office Director*, 2026 WL 632351, at *6 (S.D. Fla. March 6, 2026). The Court also finds that the presumptively reasonable six-month period was tolled due to Petitioner's failure to cooperate with the Government's removal efforts such that his current detention remains reasonable. *See Guo Xing Song v. U.S. Atty. Gen*., 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for a Writ of Habeas Corpus [**DE 1**] is **DENIED WITHOUT PREJUDICE.**
2. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.
3. The Clerk shall mail a copy of this order to Petitioner.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of September 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

Leandro Mompie del Monte, *Pro Se*
039-273-617
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194